IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONROE WEEKLEY, III, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-660 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| MICHAEL CLARK, *Superintendent, SCI Albion*; and | ) | Re: ECF Nos. 4 and 5 |
| ATTORNEY GENERAL OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Monroe Weekley, III ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Albion ("SCI Albion") in Albion, Pennsylvania. Petitioner submitted a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), which was received by this Court on May 18, 2021. ECF No. 1.

Currently before this Court are two overlapping motions filed by Petitioner. The first motion simply is entitled "Petition," in which Petitioner asks this Court to "grant him a copy of every volume of trial transcripts and every PCRA Evidentiary Hearing Transcript." ECF No. 4 at 1. Attached to the "Petition" is a cover letter, in which Petitioner asks this Court to compel SCI-Albion to allow him to have unrecorded video communications with a private investigator that he has retained. ECF No. 4-1 at 1 and 2. The second motion, also entitled "Petition," is duplicative of Petitioner's above request for transcripts. ECF No. 5.

First, with respect to Petitioner's request for transcripts, the exhibits attached to the motion indicate that, on or about May 26, 2021, Petitioner filed a *pro se* request for transcripts with the Beaver County Court of Common Pleas. ECF No. 4 at 10. This motion was not denied, but instead

1

was filed on the docket pursuant to Pennsylvania Rule of Criminal Procedure 576(A)(4) because, at the time, Petitioner was represented by an attorney. Id. This is confirmed by the docket of Petitioner's underlying state court criminal case, at No. CP-04-CR-2162-2011, of which this Court takes judicial notice. See also https://ujsportal.pacourts.us/CaseSearch (lasty visited June 22, 2021). The docket further indicates that, on June 8, 2021, Petitioner's counsel in state court moved to withdraw. As such, the impediment to Petitioner's *pro se* request for transcripts from the Court of Common Pleas no longer exists. For this reason, Petitioner's motion for this Court to compel the state court to provide those transcripts will be denied without prejudice to Petitioner refiling if subsequent requests to the state court prove to be fruitless.

Second, with respect to Petitioner's request to compel SCI-Albion to allow unrecorded communications with his private investigator, the same will be denied.

Department of Corrections policy provides for confidential visitations between inmates and their attorneys, as well as investigators acting as the attorney's agent. See DC-ADM 812 § 2.B.3 (available at https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/812%20Inmate%20Visiting%20Privileges.pdf (last visited June 22, 2021)). The basis for confidentiality is the attorney client privilege. DC-ADM 812 § 2.B.3.a. Petitioner does not allege that his investigator is working on behalf of an attorney – to the contrary, Petitioner is clear that he is proceeding *pro se*. ECF No. 4 at 1

Courts must show a high level of deference to prison officials with respect to the day-to-day operation of their facilities. See Tilley v. Allegheny Cnty Jail, No. 09-299, 2010 WL 1664900, at *5 (W.D. Pa. Feb. 18, 2010) (internal citations omitted); see also Bell v. Wolfish, 441 U.S. 520, 547 (1979). Petitioner has requested to have private, unrecorded communications with his

investigator, and asserts that prison officials have denied those requests. Petitioner has not demonstrated why this Court should deviate from that deference to that decision in this instance.

Third, with respect to Petitioner's duplicative motion at ECF No. 5, the same will be denied as duplicative.

AND NOW, this 1st day of July, 2021, IT IS HEREBY ORDERED, ADJUDGED and DECREED the Petitioner's self-styled "Petition," ECF No. 4, is DENIED WITHOUT PREJUDICE in part, and DENIED IN PART. To the extent that Petitioner moves this Court to compel the Court of Common Pleas to provide Petitioner with transcripts, the same is DENIED WITHOUT PREJUDICE. To the extent that Petitioner moves for an order compelling SCI-Albion to allow unrecorded communications with his private investigator, the same is DENIED.

IT IS FURTHER ORDERED that Petitioner's second self-styled "Petition," ECF No. 5, is DENIED as duplicative of the motion at ECF No. 4.

IT IS FURTHER ORDERED that, on or before July 15, 2021, the parties may appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrate Judges. Failure to appeal in a timely manner will constitute waiver of the right to appeal.

Dated: July 1, 2021        BY THE COURT:

                           */s/Maureen P. Kelly*
                           MAUREEN P. KELLY
                           UNITED STATES MAGISTRATE JUDGE

cc:   Monroe Weekley, III
      KS9184
      SCI Albion
      10745 Route 18
      Albion, PA 16475