IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONROE WEEKLEY III, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-660 |
| | ) | |
| v. | ) | District Judge J. Nicholas Ranjan |
| | ) | Magistrate Judge Maureen P. Kelly |
| MICHAEL CLARK, *Superintendent, SCI Albion*; ATTORNEY GENERAL OF PENNSYLVANIA; *and* DISTRICT ATTORNEY OF BEAVER COUNTY, | ) ) ) ) ) | Re:  ECF No. 22 |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner's self-styled "Post-Conviction DNA Request Motion[,]" ECF No. 22, seeks this Court to compel the DNA testing of physical evidence in control of the Commonwealth of Pennsylvania, and for Respondents to produces certain items of discovery related thereto.

With respect to DNA testing, Petitioner relies on 42 Pa. Cons. Stat. § 9543.1, which is a Pennsylvania statute applicable to state court post-conviction relief, and sets forth circumstances under which the sentencing court may order post-conviction forensic DNA testing of specific evidence "that is related to the investigation or prosecution that resulted in the judgment of conviction." 42 Pa. Cons. Stat. § 9543.1(a)(1). Simply put, this federal habeas corpus action is not a state-court post-conviction proceeding, and this Court is not the court that sentenced Petitioner. As such, the cited state statute does not apply to this Court, and does not provide a basis for the relief that Petitioner seeks.

Instead, the present motion is properly construed as one for discovery, and it is denied without prejudice. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904

1

(1997).  See also Harris v. Nelson, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding.").  Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]"  Harris, 394 U.S. at 300.  See also Bracy, 520 U.S. at 908-09.

This Court will not entertain a request for discovery in this case until after Respondents have filed their answer to the Petition, ECF No. 1, which is currently due by November 11, 2021.  ECF No. 16.  Petitioner may file a renewed motion for discovery within 30 days of service of the answer, which is also the date his reply to the answer is due.  Local Rule 2254.E.2.  This Court will provide the parties with the opportunity to submit supplemental memoranda of law in the event that discovery is permitted and/or an evidentiary is held.

AND NOW, this 7th day of September, 2021, IT IS HEREBY ORDERED, ADJUDGED and DECREED the Petitioner's "Post-Conviction DNA Request Motion,"  ECF No. 22, is DENIED WITHOUT PREJUDICE as set forth above.

IT IS FURTHER ORDERED that, on or before September 21, 2021, the parties may appeal this order to the assigned District Judge pursuant to Rule 72.C.2 of the Local Rules for

Magistrate Judges. Failure to appeal in a timely manner will constitute waiver of the right to appeal.

Dated: September 7, 2021                              BY THE COURT:

                                                                        ***/s/Maureen P. Kelly***
                                                                        MAUREEN P. KELLY
                                                                        UNITED STATES MAGISTRATE JUDGE

cc:    Hon. J. Nicholas Ranjan
       United States District Judge

       Monroe Weekley, III
       KS9184
       SCI Albion
       10745 Route 18
       Albion, PA 16475