IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONROE WEEKLEY, III, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-660 |
| | ) | |
| v. | ) | District Judge J. Nicholas Ranjan |
| | ) | Magistrate Judge Maureen P. Kelly |
| MICHAEL CLARK, *Superintendent, SCI Albion*; ATTORNEY GENERAL OF PENNSYLVANIA; *and* DISTRICT ATTORNEY OF BEAVER COUNTY, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM ORDER**

Petitioner Monroe Weekley ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"). Petitioner submitted a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), which was received by this Court on May 18, 2021.

A video show cause hearing was held on March 29, 2022 regarding Respondents' failure to comply with the show cause orders of December 7, 2021 and January 5, 2022, ECF Nos. 39 and 58, and ultimately the Service Order issued on July 21, 2021, ECF No. 11. ECF No. 88. Respondents have failed to timely submit the complete state court record underlying Petitioner's habeas petition. This was the sole topic which was addressed during the hearing.

Petitioner appeared by video from SCI-Albion.

Attorney Albert Torrence appeared by video on behalf of Respondent District Attorney of Beaver County. District Attorney David Lozier also attended. To date, no other Respondent has entered an appearance, despite having been served in late July or early August, 2021. ECF No. 28.

1

## A. BACKGROUND

On July 21, 2021, this Court issued a Service Order directing service of the Petition on Respondents. ECF No. 11. In that Service Order, Respondents were directed that they must:

> file electronically as attachments to the Answer a certified copy of the following documents, with care taken so that all items are copied accurately, legibly, and in full:

(a) all briefs, petitions for allowance of appeal, and petitions for writs of certiorari that Petitioner has submitted to an appellate court on direct appeal or in a PCRA proceeding relating to his judgment of conviction and sentence imposed by the Common Pleas Court in the conviction at issue in this proceeding.

(b) all briefs, petitions for allowance of appeal, and petitions for writs of certiorari that the prosecution submitted in an appellate court in any of those direct appeal or PCRA proceedings;

(c) all opinions and dispositive orders issued by the appellate courts in those direct appeal or PCRA proceedings;

(d) any portion of a transcript that Respondents consider to be relevant (this is in addition to Respondents' obligation to file a complete copy of all transcripts in accordance with the directive set forth in ¶ 3); and

(e) certified copies of the docket sheets of all the state courts/agencies involved.

ECF No. 11 at 2-3. Respondents further were ordered to file the entire original Common Pleas Court file in Petitioner's underlying criminal case along with the Answer, including all "pre-trial, trial, sentencing, and PCRA" transcripts. Id. at 3.

On November 11, 2021, Respondent District Attorney of Beaver County timely filed its "Answer of Respondents to petition for Writ of *Habeas Corpus* of Monroe Weekley III" (the "Answer"). ECF No. 32. Referenced therein are the state court records related to Petitioner's underlying cases. Id. at 1-2 and 8.

2

However, despite Respondent's certification that

> with the exception of the preliminary hearing transcript, the transcript of the Petitioner's trial and of his sentencing were recorded, transcribed, and are submitted electronically herewith in PDF format. The contents of briefs on appeal and opinions of the state appellate courts are also submitted electronically herewith pursuant to Rule 5(d) in PDF format[,]

id. at 1-2, these records noticeably were missing from the Answer as it was filed.

On November 23, 2021, Respondents were directed to file the missing state court records. ECF No. 34. Respondents were advised of the possible imposition of sanctions if they failed to comply. Id. at 2. On December 6, 2021 Respondent District Attorney of Beaver County filed a table of contents of state court records; however, that filing lacked any exhibits. ECF No. 37.

On December 7, 2021, this Court ordered Respondents to show good cause why they should not be sanctioned for failing to comply with this Court's orders to submit the state court records. ECF No. 39. Respondents were directed to respond to that order **and** to submit the entire state court record on or before December 17, 2021. Id. After the filing of another table of contents that was supported by a single, brief memorandum from Petitioner's underlying state criminal case, ECF No. 40, Respondent District Attorney of Beaver County submitted roughly 650 pages of records on December 7, 2021. ECF No. 41. However, notably missing from that submission was any transcript from Petitioner's jury trial or PCRA proceedings.

On December 10, 2021, Respondent District Attorney of Beaver County submitted the self-styled "Notice of Intention to File PCRA Transcript," ECF No. 44, in which he stated his intention to submit Petitioner's PCRA transcripts "upon receipt of said transcript from the Beaver County Clerk of Courts." ECF No. 44 at 2. In this same filing, Respondent District Attorney stated on the record that he had submitted a "true and correct copy of the transcripts of the state court

3

proceedings," except for the PCRA transcripts, by filing them on December 7, 2021. Id. A review of Respondents' filings, as described above, indicates that this statement is not accurate.

On December 16, 2021, Respondent District Attorney of Beaver County supplemented its submission with a single transcript from Petitioner's PCRA proceedings. ECF No. 51. Dated August 1, 2018, the transcript explicitly makes reference to an earlier hearing that took place on June 8 – presumably of that same year. Id. at 5. This supports the inference that additional transcripts exist that Respondents have failed to submit. Indeed, the state court docket provided by Respondent District Attorney of Beaver County indicates that multiple transcripts of proceedings exist from hearings leading up to Petitioner's trial – not to mention multiple volumes of transcripts of the jury trial itself. ECF No. 41-5 at 3-5.

On January 5, 2022, a second show cause order was issued against Respondents, with a response deadline of January 26, 2022. ECF No. 58. Respondent District Attorney of Beaver County timely responded on January 23, 2022, but did not submit the missing state court records, and did not move for an extension of time. ECF No. 66. Therefore, on January 28, 2022, an order was issued scheduling the show cause hearing. ECF No. 68.

On February 1, 2022, Respondent District Attorney of Beaver County submitted several purported volumes of trial transcripts. ECF Nos. 71-80. However, these do not include transcripts for pre-trial hearings, the sentencing hearing, or hearings on Petitioner's PCRA petition, all of which Respondents were ordered to provide this Court in the Service Order of July 21, 2021. ECF No. 11. Additionally, several of the filings on the docket which Respondent District Attorney of Beaver County purported to contain transcripts merely consisted of a single cover page of a transcript, and nothing else. See ECF Nos. 71 – 79.

### B. STATE COURT RECORDS

As of February 1, 2022, Respondents had provided only the first pages of the transcripts from the trial proceedings from August 8 to 17, 2012, inclusive. That was supplemented on March 22, 2022 with portions of the transcripts of August 8 and 14, 2012, as discussed below. Respondents also have not provided the entire set of transcripts from Petitioner's PCRA proceedings. Further, Respondents have not provided a transcript of the competency hearing of August 3, 2012, or of the sentencing hearing of October 3, 2012.

Aggravating Respondents' failure to provide the state court record in Petitioner's criminal case is that Respondents appear to have provided the entire trial and PCRA record to Petitioner. ECF No. 50 at 2 and 4

Further, on March 22, 2022, Respondents submitted a *nunc pro tunc* motion for extension of time to respond to Petitioner's Motion to Present Newly Discovered Evidence. ECF No. 91. Along with this motion, Respondents provided incomplete *portions* of the transcripts of the proceedings from April 8 and 14, 2012. ECF No. 93. This Court had ordered Respondents to respond to Petitioner's motion on or before March 18, 2022. ECF No. 90. Respondents' excuse for their delay was that "[t]he portions of the transcripts needed to support the Response of Respondents as required by the Order of March 4, 2022 were received by Respondents on March 22, 2022." ECF No. 91 at 1. This is evidence that Respondents can order the missing transcripts, and actually receive them from those records' custodian - presumably the Court of Common Pleas of Beaver County. Further, given that the state court records that this Court has received to date have been electronically filed on the docket, this is evidence that Respondents are actually aware that they have not provided this Court with the entire state court record.

## C. CONCLUSION

This Court finds that Respondents have failed to fully comply with the Service Order of July 21, 2021, ECF No. 11, or with the Orders to Show Cause of December 7, 2021 and January 5, 2022. ECF Nos. 39 and 58. As set forth above, the record indicates that Respondents have been given multiple opportunities to comply, and the conclusion that their refusal has been negligent or even willful is inescapable.

Following a review of the docket in Petitioner's underlying state criminal case in <u>Commonwealth v. Weekley</u>, No. CP-04-CR-2162-2011, and having heard argument during the video show cause hearing, the following specific documents from the state court record appear not to have been submitted by Respondents:

1. Full transcripts of proceedings from August 8-10 and 13-17, 2012, including:
    a. The in-camera hearing of August 10, 2012.
    b. The suppression hearing August 14, 2012.
2. Transcripts of any pretrial proceeding, including:
    a. The preliminary hearing of November 14, 2011.
    b. The suppression hearings of June 1 and 4, 2012.
    c. The hearing on omnibus pretrial application (date unclear).
    d. The competency hearing of Tamika Brown on August 3, 2012.
3. Transcript of the sentencing hearing of October 3, 2012.
4. PCRA transcripts, as follows:
    a. The hearing of June 8, 2018.
    b. The hearing of December 13, 2018.

Accordingly, the following Order is entered:

AND NOW, this 29th day of March, 2022, in consideration of the record in this case, as set forth above, as well as Respondent District Attorney of Beaver County's statements at the Show Cause Hearing of March 29, 2022,

IT IS HEREBY ORDERED that, on or before **April 19, 2022**, Respondents shall provide to this Court the entire original physical Court of Common Pleas record in Petitioner's underlying criminal case, as set forth in the Service Order of July 21, 2021.  ECF No. 11.  This includes all original paper records and transcripts from all pretrial, trial, post-trial, and PCRA proceedings in that case, as they are maintained by the Court of Common Pleas.

IT IS FURTHER ORDERED that, contemporaneous with the submission of the entire original physical Court of Common Pleas record, as referenced herein, Respondent District Attorney of Beaver County shall file on the public docket an affidavit or declaration subject to penalty of perjury, executed by the District Attorney of Beaver County, reciting with specificity the steps taken to obtain the state court records, the review of these records for completeness prior to their submission, and certifying the completeness thereof.  To the extent that Respondent District Attorney of Beaver County might assert that any record identified herein does not exist, he must certify why he believes so, what efforts he undertook to locate the record, and whether any corresponding record exists in any other form or medium.

IT IS FURTHER ORDERED that, on or before April 19, 2022, Respondents shall serve on Petitioner a copy of any transcript from Petitioner's underlying state court criminal case which has not already been provided to him in these federal habeas proceedings.  This is consistent with the Order of September 15, 2021, ECF No. 27, which granted Petitioner's Motion for Transcripts, ECF No. 18, after Respondents failed to respond thereto, ECF Nos. 20 and 26.

7

IT IS FURTHER ORDERED that the Clerk's Office is directed to provide Petitioner with a current copy of the docket in this matter.

Counsel is warned that failure to file the affidavit or declaration, or to submit the original physical state court records to the undersigned's chambers by close of business on April 19, 2022, without prior approval by this Court, may result in this Court scheduling contempt proceedings. This Court may require each Respondent and their counsel to appear in person in the undersigned's courtroom at a contempt hearing. A finding of contempt may include daily monetary sanctions, and/or other sanctions as deemed appropriate by this Court.

Counsel further is reminded that anything submitted under his signature is subject to Rule 11 of the Federal Rules of Civil Procedure, even if it is prepared by a paralegal.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.

Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: March 29, 2022

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. J. Nicholas Ranjan
     United States District Judge

     Monroe Weekley, III
     KS9184
     SCI Albion
     10745 Route 18
     Albion, PA 16475