IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONROE WEEKLEY, III, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 21-660 |
| | ) |
| v. | ) District Judge J. Nicholas Ranjan |
| | ) Magistrate Judge Maureen P. Kelly |
| MICHAEL CLARK, *Superintendent, SCI Albion*; | ) |
| | ) Re: ECF No. 147 |
| ATTORNEY GENERAL OF PENNSYLVANIA; *and* | ) |
| DISTRICT ATTORNYE OF BEAVER COUNTY; | ) |
| | ) |
| Respondents. | ) |

**ORDER**

Monroe Weekley, III ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Albion ("SCI-Albion") in Albion, Pennsylvania. Petitioner initiated this action by submitting a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Initial Petition"), which was received by this Court on May 18, 2021.[1] ECF No. 1. On February 22, 2022, Petitioner timely submitted an Amended Petition, which attacks his criminal conviction in the Court of Common Pleas of Beaver County, Pennsylvania, at Docket No. CP-04-CR-2162-2011. ECF No. 85 at 1.

Currently before this Court is Petitioner's Motion for Stay and Abeyance (the "Motion"), ECF No. 147, in which Petitioner seeks a stay so he can return to state court to litigate

---

[1] The Initial Petition is dated May 7, 2021. ECF No. 1 at 15. This Court presumes that this is the date on which Petitioner placed the Initial Petition in the prison mail system. Accordingly, this federal habeas action is deemed filed on May 7, 2021 pursuant to the prisoner mailbox rule. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

"unexhausted claims" in a new petition under Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Id. at 1-2. A review of the state court docket in Petitioner's underlying criminal case does not indicate that a new PCRA petition has been filed, or that any PCRA proceeding currently is pending. Docket, Com. v. Weekley, No. CP-04-CR-2162-2011 (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-04-CR-0002162-2011&dnh=bLjKCyWsNMrIjdFEUWhkOg%3D%3D (last visited May 23, 2023)).

While it is somewhat unclear which claims specific Petitioner intends to litigate in state court, the pending Motion contemplates the so-called "additional grounds" raised in the Amended Petition. ECF No. 85. These are:

> (a) The trial court erred in refusing to suppress various evidence. Id. at 17-18, 22-23.
>
> (b) The trial court erred in limiting examination of various witnesses and in allowing or limiting the admission of various evidence during trial. Id. at 17-19, 25-26.
>
> (c) The trial court erred in refusing to issue certain jury instructions requested by Petitioner. Id. at 19-20.
>
> (d) Petitioner was held in isolation during pretrial detention, which adversely affected his ability to effectively testify at trial. Id. at 20.
>
> (e) Petitioner's sentence was improperly calculated. Id. at 20.
>
> (f) Petitioner's trial and appellate counsel were ineffective for failing to investigate various individuals, some of whom were fabricated by authorities. Id. at 21.
>
> (g) Petitioner's trial and appellate counsel were ineffective for failing investigate potential exculpatory evidence. Id.
>
> (h) The trial judge showed animosity toward Petitioner during trial in front of the jury. Id. at 22, 26-28.
>
> (i) The trial court erred when it did not grant a mistrial, and permitted the admission of a search warrant and various inculpatory text messages. Id. at 23-24.

    (j) The prosecution committed misconduct by prosecuting Petitioner despite alleged evidence supporting the conclusion that another individual – Alvin "Jay" Flowers – had committed the crime. Id. at 29.

For the reasons stated in the Memorandum Order dated March 31, 2023, these "additional grounds" are unexhausted, with the possible exceptions of items (e) and (g).[2] ECF No. 136 at 11-13, 24-25.

Further, additional grounds (a)-(d), (f), and (h)-(j) are procedurally defaulted for the reasons stated in the Memorandum Order. Id. at 25-27. Petitioner asserts no claim in the Motion that – if he actually were to file a new PCRA petition – would trigger any of the timeliness exceptions thereto. See Pa. C.S.A. § 9545(a) and (b). Unlike Section 2254, the statute of limitations of the PCRA is jurisdictional, and there are no equitable exceptions. Com. v. Wrecks, 931 A.2d 717, 720 (Pa. Super. Ct. 2007) ("If a petition is filed beyond the PCRA filing deadline and not pursuant to an exception, the PCRA court lacks jurisdiction to entertain the petition.").

Thus, while Petitioner argues in the Motion that reasons exist to excuse the default, ECF No. 147 at 8-19, those arguments are applicable only to whether this Court may consider the merits of the Amended Petition and to whether he is entitled to discovery in view of the bases for denial articulated in the Memorandum Order dated March 31, 2023. But those arguments will not allow any claim based on one of the defaulted "additional grounds" to proceed in a PCRA petition.

---

[2] Petitioner timely filed an appeal from the Memorandum Order dated March 31, 2023, which currently is pending before Judge Ranjan. ECF No. 148.

For the reasons set forth above, the Motion is DENIED. An appropriate Order follows.

NOW THEREFORE, this 23rd day of May, 2023, IT IS HEREBY ORDERED, ADJUDGED and DECREED the Petitioner's Motion for Stay and Abeyance, ECF No. 147, is DENIED.

IT IS FURTHER ORDERED that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any party opposing such an appeal may respond within fourteen (14) days thereafter. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: May 23, 2023

BY THE COURT:

_/s/ Maureen P. Kelly_
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. J. Nicholas Ranjan
      United States District Judge

      Monroe Weekley, III
      KS9184
      SCI Albion
      10745 Route 18
      Albion, PA 16475

      All counsel of record (*via* CM/ECF)