IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONROE WEEKLEY, III, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-660 |
| | ) | |
| v. | ) | District Judge J. Nicholas Ranjan |
| | ) | Magistrate Judge Maureen P. Kelly |
| MICHAEL CLARK, *Superintendent, SCI Albion*; and | ) ) | Re:  ECF No. 171 |
| ATTORNEY GENERAL OF PENNSYLVANIA, *and* DISTRICT ATTORNEY OF BEAVER COUNTY | ) ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Monroe Weekley, III ("Petitioner") is a state prisoner currently incarcerated at the at the State Correctional Institution at Albion ("SCI-Albion") in Albion, Pennsylvania. He seeks federal habeas relief pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's pending "Motion to Compel Respondents to Send All Pages of Discovery" (the "Motion to Compel"), ECF No. 171, will be denied.

**I.     RELEVANT PROCEDURAL HISTORY**

The procedural history of this case is lengthy. Petitioner initiated this action by submitting a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Initial Petition"), which was received by this Court on May 18, 2021.[1] ECF No. 1. On February 22, 2022, Petitioner submitted an Amended Petition, which in which he attached his criminal

---

[1] The Initial Petition is dated May 7, 2021. ECF No. 1 at 15. This Court presumes that this is the date on which Petitioner placed the Initial Petition in the prison mail system. Accordingly, this federal habeas action is deemed filed on May 7, 2021, pursuant to the prisoner mailbox rule. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

conviction in the Court of Common Pleas of Beaver County, Pennsylvania, at Docket No. CP-04-CR-2162-2011. ECF No. 85 at 1.

Petitioner submitted two complementary motions to compel discovery on July 13, 2022. ECF Nos. 127 and 128. After briefing, see ECF Nos. 130, 135, the undersigned issued a 43-page Memorandum Order on March 31, 2023, denying habeas discovery.[2] ECF No. 136. After an extension of time, ECF Nos. 137 and 138, Petitioner filed an appeal from the decision denying discovery on May 19, 2023, ECF No. 148.

This case was stayed on Petitioner's motion on August 28, 2023, while he attempted to exhaust remedies in the Court of Common Pleas of Beaver County. ECF Nos. 150 and 151. On the same date, District Judge J. Nicolas Ranjan ordered that Petitioner's appeal from the denial of discovery would be held in abeyance during the stay. ECF No. 152.

Petitioner moved to lift the say on September 16, 2024. ECF No. 153. That motion was granted on October 1, 2024. ECF No. 156. Petitioner was instructed to file notice on or before November 4, 2024, of whether he intended to pursue his appeal from the order denying discovery. Id. at 2. Petitioner failed to do so, and he was ordered to show cause why the appeal should not be dismissed on that basis. ECF No. 162. Petitioner once again failed to timely respond, and Judge Ranjan dismissed the appeal with prejudice on December 9, 2024. ECF No. 168. This Court belatedly received Petitioner's notice that he did not wish to pursue the appeal on December

---

[2] As part of the Memorandum Opinion, Respondents were ordered to produce a transcript of the audio taped statement of Tamika Brown that was played for the jury during trial. ECF No. 136 at 42. The reasoning for this directive was not that Petitioner had shown good cause that he was entitled to its discovery, but that it was required as part of the state court record, which Respondents had been ordered to produce previously in the Service Order dated July 21, 2021. Id. at 32-33; ECF Nos. 11 and 96.

3, 2024. ECF No. 169. It was dated December 3, 2024, and postmarked December 9, 2024. Id. at 1; ECF No. 169-1 at 1.

In his operative Amended Petition, which was filed on November 1, 2024, Petitioner raises several grounds for relief.

GROUND ONE: [TRIAL COUNSEL'S] FAILURE TO PRESENT FORENSIC EVIDENCE FROM TAMIKA BROWN'S VEHICLE[.]

GROUND TWO: [TRIAL COUNSEL'S] FAILURE TO PRESENT EVIDENCE OF BLOOD AND DNA ON ALVIN "JAY" FLOWERS' COAT[.]

GROUND THREE: [TRIAL COUNSEL'S] FAILURE TO IMPEACH JAMES C. STEWART AND BRADLEY KARAS[.]

GROUND FOUR: CONSTRUCTIVE DENIAL OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION[.]

GROUND FIVE: DENIAL OF HAVING A WITNESS TESTIFY IN FAVOR OF PETITIONER IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION[.]

GROUND SIX: INTRODUCTION OF EVIDENCE OBTAINED IN VIOLATION OF THE SEARCH AND SEIZURE CLAUSE OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION[.]

GROUND SEVEN: PROSECUTORIAL MISCONDUCT IN VIOLATION OF FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION[.]

ECF No. 158 at 8-11.

With respect to Ground Seven, Petitioner alleges that the prosecution failed to correct allegedly perjured testimony by James C. Stewart ("Stewart") at trial, allowed Stewart and Bradley Karas ("Karas") to present inconsistent testimony, and failed to disclose compensation that Stewart received from the government in the form of payment of phone bills and a reduction in sentence for illegal firearms sales charges in exchange for Stewart's testimony. Id. at 11. In his Traverse,

Petitioner clarifies that Stewart's firearms charges, for which he allegedly received a sentence reduction, was his federal case in "United States v. James C. Stewart, Criminal No. 11-47" (the "Stewart Federal Case"). ECF No. 170 at 15.

## II.   PETITIONER'S MOTION TO COMPEL

On June 13, 2025, Petitioner filed the instant Motion to Compel. ECF No. 171. Petitioner was vague in the motion about what sort of discovery he was seeking. Instead, he merely stated that he had sent a request for discovery to the Beaver County Clerk of Courts, who forwarded the same to the Beaver County District Attorney's Office, which in turn mailed something to Petitioner via the Pennsylvania Department of Corrections' third-party mail contractor. The contractor returned it to the District Attorney because it was deemed to be legal mail. See, generally, ECF Nos. 171, 171-1, and 171-2.

Respondents responded to the Motion to Compel on July 17, 2025, stating that they had sent a compact disc containing copies of ECF Nos. 37 and 41, which were filed in the instant federal habeas matter, and that they already had provided Petitioner with "all trial transcripts[.]" ECF No. 173 at 3.

Petitioner replied on August 22, 2025. ECF No. 178. In his Reply, Petitioner confirmed that he was not seeking transcripts or the copies of ECF Nos. 37 and 41 mailed by Respondents. ECF No. 178 at 1 and 2. Instead, he asserts that:

> When James Stewart and Brad Karas testified as cooperating witnesses, the Beaver County District Attorney's Office had an understanding of leniency that they would receive probation for charges they faced. Respondents have a duty to disclose these understandings. Both Stewart and Karas received probation after testifying in Petitioner's case.

Id. at 1.

4

Petitioner's discovery request – now clarified – fails for a variety of reasons. First, to the extent that it overlaps with Petitioner's prior motion for habeas discovery, it lacks merit for the same reasons articulated in the Memorandum Order issued March 31, 2023, denying Petitioner the same. ECF No. 136 at 33-35 (discussing the merits of Petitioner's demand for various article of evidence related to Stewart's plea agreement in the Stewart Federal Case, "a deal for leniency," and evidence that the government paid Stewart's telephone bill). In light of Judge Ranjan's Order, ECF No. 168, dismissing with prejudice Petitioner's appeal from Judge Kelly's Order denying discovery, ECF No. 148, such a request additionally is precluded by the law of the case doctrine. See, e.g., In re Insulin Pricing Litig., No. 2:17-CV-699, 2025 WL 2717592, at *3 (D.N.J. Sept. 24, 2025) (discussing the law of the case doctrine).

To the extent that Petitioner's demand extends beyond what he previously has sought, he has failed to show good cause. See R. Gov. Section 2254 Cases 6(a).

First, any understanding between the government and Stewart and/or Karas that does not relate to the Stewart Federal Case is not an asserted basis for habeas relief. See ECF No. 158 at 11 and [.]" ECF No. 170 at 15 (discussing the particulars of Petitioner's Brady claim).

Additionally, Petitioner has provided no specific allegations that any understanding for leniency existed beyond the Stewart Federal Case. See Harris v. Nelson, 394 U.S. 286, 300 (1969) (good cause for habeas discovery may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief[.]"). Here, Petitioner's sparse, unsupported reference to probation received by Stewart and Karas made in his Reply brief, see ECF No. 178 at 1, and which may or may not refer to something other than the Stewart Federal Case, simply is insufficient to support discovery in a federal habeas case. "[B]ald assertions and conclusory allegations do not provide

sufficient ground to warrant requiring the state to respond to discovery[.]" Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (same). Rule 6 does not authorize what is commonly referred to as "fishing expeditions," and it is not enough for a petitioner to speculate that the discovery he seeks might yield information that would support one of his claims or that it would give support to a new claim. See, e.g., Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) (quoting with approval Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) ("petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence")); see also Rega v. Wetzel, No. 13-cv-1781, 2014 WL 4079949, at *2 (W.D. Pa. Aug. 18, 2014); Tedford v. Beard, No. 09-cv-409, 2010 WL 3885207, at *4 (W.D. Pa. Sept. 28, 2010) ("Because a petitioner in a § 2254 case must first exhaust any claim in state court before he brings it in federal court, a federal court must, in considering a state prisoner's motion for discovery, take into account any lack of diligence on the petitioner's part in developing the record in state court.").

### III.   CONCLUSION

Petitioner failed to demonstrate entitlement to discovery in his prior discovery motions ECF Nos. 127 and 128. They were denied. ECF Nos. 136 and 168. Petitioner likewise has failed to show entitlement to discovery in his recent Motion to Compel. ECF No. 171. For the foregoing reasons, the instant Motion to Compel will be denied.

An appropriate Order follows.

AND NOW, this 7th day of October, 2025, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Petitioner's Motion to Compel Respondents to Send All Pages of Discovery, ECF No. 171, is DENIED.

IT IS FURTHER ORDERED that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any party opposing such an appeal may respond within fourteen (14) days thereafter. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Monroe Weekley, III
KS9184
SCI Albion
10745 Route 18
Albion, PA 16475

All counsel of record (*via* CM/ECF)